UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NORTH AMERICA ASSOCIATION, LLC, | Case No. 2:20-CV-1650 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| KATI MARIE SMITH, | |
| Defendant(s). | |

Presently before the court is North America Association, LLC's ("NAA") emergency ex parte motion for temporary restraining order (ECF No. 6).

Also before the court is defendant Kati Smith's motion to extend the time to file her opposition to the temporary restraining order (ECF No. 13).

Also before the court is NAA's motion to strike portions of Smith's opposition (ECF No. 16).

**A. Motion to Strike**

The court first turns to NAA's motion to strike. (ECF No. 16). NAA alleges that Smith has submitted statements made during settlement negotiations in violation of Fed. R. Evid. 408 and hearsay statements in violation of Fed. R. Evid. 802. (*Id.* at 2).

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts strike such material under Rule 12(f) "to avoid the expenditure of time and money that must arise from litigating spurious issues . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

**James C. Mahan**
**U.S. District Judge**

> Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Superfluous historical allegations are a proper subject of a motion to strike.

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07, 711 (1990), and citing *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959)) (internal quotation marks omitted).

The court has the inherent ability to control its docket. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Thus, the court can consider the filings before the court to the extent they are helpful—and, to the extent they are not, the court may disregard them—when adjudicating the substantive motions in this case. The court finds that the preference for merit-based dispositions warrants denying NAA's motion to strike (ECF No. 16). *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

**B. Preliminary Injunctive Relief**

The court now turns to NAA's motion for preliminary injunctive relief. (ECF No. 6). Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order ("TRO") when the movant alleges "specific facts in an affidavit" that immediate and irreparable harm will occur before the adverse party can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). TROs and preliminary injunctions are extraordinary remedies meant to "preserve the status quo" and "prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012); *see also Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

The court considers the following elements in determining whether to grant preliminary injunctive relief: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public

**James C. Mahan**
**U.S. District Judge**

interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008); *Stanley v. Univ. of S. California*, 13 F.3d 1313, 1319 (9th Cir. 1994).

The movant must satisfy all four elements; however, "a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). This "sliding scale" approach dictates that when the balance of hardships weighs heavily in the movant's favor, he only needs to demonstrate "serious questions going to the merits." *Id.* at 1135.

The court denies NAA's motion because, above all, the balance of hardships is not clearly in its favor.[1] At this stage in the case, it appears that both parties have unclean hands and have breached the agreement at issue. Smith agreed that "[a]ll payment from the YouTube channel will go into NAA Worldwide Bank Account and [Smith] will be paid as a 1999 contractor" and that the channel's subscribers are the property of NAA. (ECF No. 6-1 at 12). Smith locked NAA out of the channel, changed the banking information to divert the channel's revenue, and asked the subscribers to follow her on a new channel. (ECF No. 6 at 9). Even though Smith is entitled to 50% of the revenue and owns 40% of the channel—a contractual term NAA does not mention in its motion or affidavit—the agreement likely does not entitle her to take the actions that she took.

On the other hand, Smith alleges that the agreement does not permit either party to unilaterally terminate the agreement for any reason. (ECF No. 12 at 2). Smith was sent a termination letter on August 31, 2020. (*Id.* at 4). Furthermore, she argues that she is the exclusive owner and holder of the video content that she created and posted on the channel because the agreement does not contain a "work made for hire" provision. (*Id.* at 9). And Smith credibly alleges she is yet to be paid her full 50% share of the revenue earned in August 2020. (*Id.* at 3). In other words, the court cannot agree with NAA that Smith "will suffer no harm from continuing the status quo except the loss of property over which [she] appears to have no right of possession." (ECF No. 6-2 at 2).

---

[1] The court also agrees with Smith that NAA has not shown a likelihood of success on the merits of its intentional interference and embezzlement claims. (ECF No. 12 at 7–9).

**James C. Mahan**
**U.S. District Judge**

- 3 -

And finally, the court does not find credible NAA's assertion that without preliminary injunctive relief it would be forced to "lay off its employees, forego contractual obligations to others, and lose investor capital." (*Id.* at 2–3). *See* Fed. R. Civ. P. 65(b)(1)(A) ("The court may issue a [TRO] . . . only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result…."). After all, the channel was created in December 2019 and only became profitable in or about June 2020. (ECF No. 6 at 2).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that NAA's emergency ex parte motion for temporary restraining order (ECF No. 6) be, and the same hereby is, DENIED.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Kati Smith's motion to extend the time to file her opposition to the temporary restraining order (ECF No. 13) be, and the same hereby is, GRANTED.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that NAA's motion to strike portions of Smith's opposition (ECF No. 16) be, and the same hereby is, DENIED.

DATED September 16, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -